IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DEONTAE D. GRIFFIN and ALEX C. TAYLOR,<br><br>Defendants. | 8:13-CR-223<br><br>ORDER |

    This matter is before the Court on two Motions to Transfer (filings 118 and 119), one filed by each defendant. A telephonic conference was held on August 1, 2014, with the defendants' counsel, counsel for the government, and the probation office, and the parties have had the opportunity to make a record at sentencing. Being fully advised in the premises, the Court will deny the motions.

    The defendants have asked for their sentencing proceedings to be transferred to the Central District of California pursuant to Fed. R. Crim. P. 20. That rule provides that "[a] prosecution may be transferred from the district where the indictment or information is pending, or from which a warrant on a complaint has been issued, to the district where the defendant is arrested, held, or present" if (1) the defendant, in writing, states a wish to plead guilty and to waive trial in the district where the charge is pending and (2), "the United States attorneys in both districts approve the transfer in writing." Fed. R. Crim. P. 20(a).

    But Rule 20 is unavailable to these defendants for several reasons. First, there is no showing that, at this point, they have satisfied the prerequisites of Rule 20(a)(1) by filing written statements both here and in the transferee district. But even assuming that defect is curable, they have also failed to secure the approval of the United States attorney in this district and the Central District of California. There is nothing on the record to establish that the United States attorney in California has approved a request to transfer, and more importantly, the assigned AUSA in this district has expressly refused to consent to a transfer, both in writing and during the teleconference. *See* filing 120. And approval of a defendant's request for transfer by the United States attorney for each district is a condition to a transfer. *United States v. Lovell*, 81 F.3d 58, 60 (7th Cir. 1996); *United States*

*v. French*, 787 F.2d 1381, 1384-85 (9th Cir. 1986); *see also*, *United States v. Herbst*, 565 F.2d 638, 643 (10th Cir. 1977); *United States v. Smith*, 515 F.2d 1028, 1030 (5th Cir. 1975); *United States v. Zink*, 436 F.2d 1248, 1250 (8th Cir. 1971).

Furthermore, as the Seventh Circuit has explained, "there is no authority under Rule 20 (or elsewhere for that matter) for a district court to accept a guilty plea from a party and then transfer the case to a different jurisdiction for sentencing." *Lovell*, 81 F.3d at 60; *accord United States v. Schroeder*, 2009 WL 4663256, at *1 (D. Kan. Dec. 7, 2009). Rule 20 discusses the waiver of trial in the transferor district and the entry of a plea and the disposition of the case in the transferee district. *Lovell*, 81 F.3d at 60. Rule 20 does not authorize a transfer for the purpose of imposing sentence when there is no case pending in the transferee district. *Lovell*, 81 F.3d at 60. The transferee court would, in fact, have no jurisdiction to sentence the defendant when he was convicted in another district of the only crime with which he was charged. *See id.* The defendants have already pled guilty in Nebraska, and the Court has accepted their pleas and found them guilty. *See* filings 98 and 99. They must be sentenced on those convictions in Nebraska, and Rule 20 does not permit otherwise.

Accordingly, the defendants' motions to transfer will be denied.

IT IS ORDERED:

1.  The defendants' Motions to Transfer (filings 118 and 119) are denied.

Dated this 4th day of August, 2014.

BY THE COURT:

John M. Gerrard
United States District Judge

- 2 -